IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARCUS JOHNSON,      §

§

  Defendant Below,      § No. 231, 2020

  Appellant,      §

§ Court Below—Superior Court

  v.      § of the State of Delaware

§

STATE OF DELAWARE,      § Cr. ID No. 1305001585 (N)

§

  Plaintiff Below,      §

  Appellee.      §

Submitted: August 4, 2020
Decided: September 18, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Marcus Johnson, filed this appeal from a Superior Court order denying his motion for sentence modification under Superior Court Criminal Rule 35(b). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in July 2013, Johnson pleaded guilty to two counts of drug possession (tier 5). Upon the State's motion, the Superior Court declared Johnson to be an habitual offender as to one possession conviction. The

Superior Court sentenced Johnson to seventeen years of Level V incarceration, suspended after nine years for decreasing levels of supervision. Johnson did not file a direct appeal, but did file multiple, unsuccessful motions for sentence modification under Rule 35(b).[1]

(3)    On April 28, 2020, Johnson filed an emergency motion for leave to file modification/reduction of sentence. Johnson argued that the remainder of his Level V sentence should be reduced to Level IV home confinement or Level III GPS because he suffered from medical conditions, including asthma and obesity that made him more vulnerable to viruses like COVID-19. He stated that he had applied for medical modification under 11 *Del. C.* § 4217, but the Department of Correction had not yet acted on his application.

(4)    On June 25, 2020, the Superior Court denied the motion, finding it repetitive. The Superior Court concluded that Johnson's request for sentence modification on the basis of his health conditions had to proceed under § 4217. This appeal followed.

---

[1] *See, e.g., Johnson v. State*, 2016 WL 4094649, at *1 (Del. July 21, 2016) (affirming the Superior Court's denial of three motions for sentence modification based on Johnson's claims that he was entitled to concurrent sentencing and had provided substantial assistance to the State); *State v. Johnson*, 2017 WL 959403, at *1 (Del. Super. Ct. Mar. 10, 2017) (denying Johnson's motion for sentence modification based on his untreated health issues, including severe sleep apnea).

(5) We review the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] Rule 35(b) provides that a motion for sentence modification that is not filed within ninety days of sentencing (such as Johnson's motion) will only be considered in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217. Section 4217 permits sentence modification if the Department of Correction files an application for good cause shown (such as serious medical illness) and certifies that the offender does not constitute a substantial risk to the community or himself. Rule 35(b) also provides that the Superior Court will not consider repetitive motions for sentence reduction.

(6) In his opening brief, Johnson argues that the Superior Court erred in finding his motion repetitive and failing to consider whether his medical conditions and potential exposure to COVID-19 constituted "extraordinary circumstances" under Rule 35(b). He also contends that the Superior Court is issuing conflicting decisions by granting other inmates' repetitive and untimely motions for sentence modification based on COVID-19.

(7) Johnson's motion for sentence modification was repetitive under Rule 35(b). "Rule 35(b) does not set forth any exception to the repetitive motion bar."[4]

---

[2] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[3] *Id.*
[4] *Id.*

3

Johnson's motion was also untimely. Johnson argues that his medical conditions and potential exposure to COVID-19 constitute "extraordinary circumstances" under Rule 35(b), but § 4217, as the Superior Court recognized, "is the statutory vehicle for seeking a medical modification of sentence."[5] As to the allegedly conflicting rulings of the Superior Court, Johnson did not raise this claim below[6] and does not provide sufficient information for the Court to determine whether there are in fact conflicting rulings. Under these circumstances, the Superior Court did not err in denying Johnson's motion for sentence modification.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[5] *West v. State*, 2017 WL 2376399, at *1 (Del. May 31, 2017). *See also Holmes v. States*, 2015 WL 667522, at *1 (Del. Feb. 12, 2015) (concluding that inmate's cancer alone did not entitle him to a modification of sentence unless the Department of Correction also made the required certification under § 4217).

[6] Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").